UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| HONG GAO, | Case No. 1:25-cv-01923-SKO |
| Plaintiff, | FIRST SCREENING ORDER |
| v. | ORDER FOR PLAINTIFF TO: |
| DAVID STEINER, | (1) FILE A FIRST AMENDED COMPLAINT; |
| Defendant. | (2) NOTIFY THE COURT THAT SHE WISHES TO STAND ON HER COMPLAINT; OR |
| | (3) FILE A NOTICE OF VOLUNTARY DISMISSAL |
| | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

Plaintiff Hong Gao is proceeding pro se and *in forma pauperis* in this employment discrimination and retaliation action filed December 18, 2025, against Defendant David Steiner, in his capacity as Postmaster General of the United States Postal Service (USPS). (Doc. 1.) Upon review, the Court concludes that the complaint fails to plead any cognizable claims.

Plaintiff has the following options as to how to proceed. Plaintiff may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that she wants to stand on this complaint and have it reviewed by the assigned district judge, in which case the Court will issue findings and recommendations to an assigned district judge consistent with this order. Lastly, Plaintiff may file a notice of voluntary

1

dismissal. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I.   SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.    SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff was hired on February 4, 2023, as a USPS "Postal Support Employee" at a one-person post office in Pinecrest, California. (Doc. 1 at 6.) Between April and May 2023, Plaintiff performed custodial duties at the Pinecrest Post Office. (*Id.*) However, Defendant, through local Postmaster Jeff Perry, continued to compensate the prior white employees for custodial work instead of her. (*Id.*)

On May 30, 2025, Plaintiff filed an "EEO complaint" requesting backpay for more than two years of custodial work and alleging discrimination and disparate treatment. (Doc. 1 at 6.) In support of that complaint, Plaintiff was asked by "EEO ADR Specialist" Sala Lee to submit three instances of unfair scheduling arranged by Perry for custodial duties. (*Id.*) As a result of that complaint, Perry agreed to pay three hours of backpay, but Specialist Sherell D. Christon falsely stated in her mediation report that Perry had paid Plaintiff 40 hours of backpay. (*Id.*)

On August 25, 2025, Plaintiff filed a formal complaint alleging discrimination and retaliation. (Doc. 1 at 6.) Plaintiff received a "Dismissal of Formal EEO Complaint" from the USPS EEO on October 1, 2025, along with an "Inquiry Report" saying that retaliation was not selected in the "Basis for Alleged Discrimination" section. (*Id.*) That same day, Perry entered Plaintiff's office and threatened that her custodial duty benefits would be canceled, stating that he would instead hire an outside cleaning company to perform the custodial work. (*Id.*)

Plaintiff claims that she was discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the California Fair Employment and Housing

Act ("FEHA").  (Doc. 1 at 4, 8.)  She seeks back pay, compensatory damages, and declaratory and equitable relief.  (*Id*. at 8.)

### III.    DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims.  Plaintiff shall be provided with the legal standards that apply to her claims and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.    Title VII**

1.    <u>Discrimination</u>

Title VII protects individuals from discrimination based on race, color, gender, religion, or natural origin.  *See* 42 U.S.C. § 2000e-2(a)(1).  To state a cause of action for discrimination under Title VII, Plaintiff must allege the elements of a prima facie claim: (1) she was a member of a protected class; (2) she was performing competently in the position she held; (3) she was subjected to an adverse employment action, and (4) the circumstances suggest a discriminatory motive.  *Chuang v. University of California Davis, Board of Trustees*, 225 F.3d 1115, 1123–24 (9th Cir. 2000); Washington v. Garrett, 10 F.3d 1421, 1434 (9th Cir.1993); *Sneddon v. ABF Freight Systems*, 489 F. Supp .2d 1124, 1129 (S.D. Cal. 2007); *Brandon v. Rite Aid Corp., Inc*., 408 F. Supp.2 d 964, 973 (E.D. Cal. 2006).

Here, although the complaint pleads that white employees were paid for custodial duties while she was not, Plaintiff does not allege ***her*** race.  Plaintiff also fails to allege that she was performing custodial duties competently but was nevertheless not paid.  As set forth above, to state a cognizable discrimination claim, Plaintiff must allege that she is a member of one or more protected class(es) and that she was performing competently in her position.

Finally, a cognizable claim of discrimination also requires allegations of circumstances that suggest a discriminatory motive.  The complaint includes no facts tending to show that Perry's refusal to compensate Plaintiff related to Plaintiff's race (or her membership of any other

protected class).  The complaint therefore does not allege a cognizable claim of discrimination under Title VII.

### 2.    Retaliation

To state a claim for retaliation under Title VII, Plaintiff must plead (1) she engaged in a protected activity; (2) she was subject to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action.  *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).  The last element requires that the protected activity be the but-for cause of the alleged adverse action.  *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013).

Here, while Plaintiff's complaint does allege a protected activity (filing an EEO complaint) she does not plead facts showing that she suffered an adverse action as a result. Allegations that Perry threatened to cancel her custodial duty benefits do not rise to the level of adverse action.  *See Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir.1998) (explaining that "[m]ere threats and harsh words are insufficient" to establish an adverse employment action). Even if the threat could be considered an adverse employment action, Plaintiff has not pleaded that Perry was aware that she had filed an EEO complaint.  *Maner v. Dignity Health*, 350 F. Supp. 3d 899, 906 (D. Ariz. 2018) ("[A]n employer must reasonably be aware that its employee is engaging in protected activity.") (internal quotations omitted).  Plaintiff therefore does not state a claim for retaliation under Title VII.

### B.    FEHA

As in the context of a Title VII claim, to proceed with a claim under the FEHA, Plaintiff must first exhaust her administrative remedies.[1]  To properly exhaust a FEHA claim, a claimant must file a charge with California's Department of Fair Employment and Housing ("DFEH") within one year of the alleged unlawful conduct.  Cal. Gov't Code § 12960(d).  When Title VII and FEHA claims overlap, under a "worksharing agreement," the EEOC and DFEH are each the agent of the other for purposes of receiving charges, and thus a filing with one agency is considered to be constructively filed with the other.  *See, e.g., EEOC v. Dinuba Med. Clinic*, 222

---

[1] To proceed under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC, thereby allowing the agency time to investigate the charge.  *See* 42 U.S.C. § 2000e–5(b); *Lyons v. England*, 307 F.3d 1092, 1103–04 (9th Cir. 2002).  Plaintiff has attached to her complaint the "Dismissal of Formal EEO Complaint," which indicates her right to file a civil action.  (*See* Doc. 1 at 12–13.)

F.3d 580, 585 (9th Cir.2000) ("Constructive filing is made possible by 'worksharing agreements,' which designate the EEOC and the state agency each other's agents for the purpose of receiving charges."); *Paige v. State of Cal.*, 102 F.3d 1035, 1041 (9th Cir.1996) ("[T]he filing of a charge with one agency is deemed to be a filing with both."). However, a claimant cannot file a lawsuit until receiving a right-to-sue notice from the agency that specifically enforces those laws. *See Alberti v. City & County of S.F. Sheriff's Dept.*, 32 F.Supp.2d 1164, 1174 (N.D. Cal. Nov. 25, 1998) ("An EEOC right-to-sue letter does not satisfy the jurisdictional requirement of exhaustion of remedies as to FEHA claims."); *see also Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1726 (1994) ("an EEOC right-to-sue notice satisfies the requirement of exhaustion of administrative remedies only for purposes of an action based on Title VII").

It is unclear if Plaintiff has exhausted her administrative remedies under California law. In an amended pleading, Plaintiff shall specify whether she received a right-to-sue notice from DFEH. Moreover, as to any discrimination or retaliation claims that may be asserted under the FEHA, Plaintiff's allegations fail for the same reasons they fail as to her Title VII claims. *See Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) (Claims under Title VII and the FEHA are subject to the same analysis.).

## C.      Leave to Amend

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so she can provide additional factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

Plaintiff is granted leave to file an amended complaint within thirty days. Plaintiff is cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly

titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if she believes that additional true factual allegations would state cognizable claims. If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on her complaint subject to the Court issuing findings and recommendations to an assigned district judge consistent with this order. Lastly, Plaintiff may file a notice of voluntary dismissal.

### IV.   ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:

   a. File a First Amended Complaint;

   b. Notify the Court in writing that she wants to stand on this complaint; or

   c. File a notice of voluntary dismissal.

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:25-cv-01923-SKO.

3. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **January 21, 2026**            /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

7