**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HONG GAO, | Case No. 1:25-cv-01923 JLT SKO |
| Plaintiff, | ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE |
| v. | |
| DAVID STEINER, | (Doc. 8) |
| Defendant. | |

Plaintiff Hong Gao proceeds *pro se* and *in forma pauperis* in this action initiated on December 18, 2025. (Docs. 1, 4.) This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 21, 2026, the assigned magistrate screened Plaintiff's complaint and found it failed to state any cognizable claims. (Doc. 5.) The Court gave Plaintiff 30 days to file an amended complaint, state an intent to stand on the initial complaint, or voluntarily dismiss the complaint. (*Id.*) The Court also warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.*) Plaintiff did not respond. (*See* Docket.)

On February 27, 2026, the magistrate judge issued an order for Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for their failure to comply with the screening order and failure to prosecute this case. (Doc. 6.) Plaintiff was warned that failure to comply with that order would result in a recommendation that this action be dismissed. (*Id*. at 2.) Plaintiff did not file any response to the OSC. (*See* Docket.)

On March 26, 2026, the assigned magistrate issued findings and recommendations, recommending that this case be dismissed due to Plaintiff's failure to comply with the Court's orders and failure to prosecute. (Doc. 8.) The Court served the findings and recommendations on Plaintiff, provided notice that any objections were due within 21 days, and warned that failure to timely file objections may result in the waiver of certain appellate rights. (*Id.* at 2–3, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) Plaintiff has not filed any objections and the time to do so has passed.

According to 28 U.S.C. § 636 (b)(1), this Court conducted a de novo review of the case. Having carefully reviewed the matter, the Court concludes the findings and recommendation are supported by the record. In determining whether to dismiss an action as a sanction, courts must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, the public's interest in expeditiously resolving this litigation and the Court's need to manage its docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent authority to manage their dockets without being subject to noncompliant litigants). As to the third factor, the risk of prejudice to the defendant also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g., Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). Finally, given the Court's apparent inability to communicate with Plaintiff, there is no satisfactory lesser sanction. *See, e.g., Gaston v. Marean*,

2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("[G]iven the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action."). Moreover, Plaintiff was already warned that failure to comply with the screening order and OSC would result in the dismissal of this action. *Ferdik*, 963 F.2d at 1262 (district court's warning to a party that his failure to obey will result in dismissal satisfies the "consideration of alternatives" requirement).

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on March 26, 2026, (Doc. 8), are **ADOPTED.**

2. This action is **DISMISSED** for failure to prosecute and failure to obey court orders.

3. The Clerk of Court is **DIRECTED** to close this case.

IT IS SO ORDERED.

Dated:   **April 24, 2026**

UNITED STATES DISTRICT JUDGE

3